### BROWN *vs.* CRAWFORD COUNTY.

The act of February 25, 1835, "to provide for the sale of township school lands, in Saline and other counties," (Rev. Stat., p. 571,) authorizing the county courts, of the counties therein named, to sell the sixteenth sections, where, "on account of extensive prairies, or other local causes," there may not be fifteen free white householders resident in the township, is not inconsistent with the first section of the act of March 19, 1835, concerning "schools and school lands;" providing, that "in all congressional townships in this State, in which there are fifteen free white householders, they shall have the right to sell their sixteenth sections," &c. The latter is the general law, the former local, and confined to the counties therein named.

### APPEAL from Crawford Circuit Court.

FRISSELL *and* MILLER, *for Appellant.*

W. G. MINOR, *for Appellee.*

1. To sustain the judgment of the Circuit Court, the appellee relies on the provisions of the act of the General Assembly of this State, entitled, "An act to provide for the sale of Township School Lands, in Saline and other counties," approved, February 25, 1835, (Statutes, 571): and it is contended, that this act is neither repealed nor abrogated, by the general law in relation to schools and school lands, approved March 19, 1835, (*Ibid.*, 561).

2. This local law, being for the public convenience, should be *liberally* construed. The intention of the legislature, as well as the *remedial* character of the act, may be readily gathered from its context, spirit and phraseology.— Seventh and Eighth rules in Bac. Ab., title, "Stat.," 389.

3. Under the rule of construction prescribed in Stat. Mo., 383, title, "Laws," sec. 28, both of the acts in the case now at bar should be deemed to have been passed on the same day.

4. Under a legitimate construction of the two acts, the demurrer was properly sustained. The appellee had no claim to the equitable interference of the Circuit Court, on the grounds that a patent could not issue from the auditor of public accounts, for this office could have no cognizance of the matter, until it had been certified to him by the County Court that the purchase money had been fully paid. —Stat. Mo., sec. 4, 5, p. 563.

5. There was no error in the judgment on the pleas.

6. The appellant's recourse to the equity jurisdiction of the court operated as a release of the errors (if any) in the proceedings at law.— Stat. Mo., 314, sec. 10.

7. In chancery, a demurrer, although *general*, is good, provided it apply to the whole bill, otherwise it must clearly express the particular parts of the bill demurred to.— Mitford, 214.

8. The record in this case is too imperfect, obscure, and irregular for the Court to act on it. (2 Terr. Laws, 265; Stat. Mo., 571, 561; 2 Atk. Rep., 150;

1 Barrow, 447; Bac. Ab., title, "Stat.," 382; 1 Black. Com., *in notis*, 40; Com. Dig., title, "Parliament," 378; 1 Tuck. Com., 17; 2 Wash., 296; 4 Gill and Johnson, 4; Co. Rep., Forbes' case, 6, 63; *Ibid.*, Magdalen Coll., 6, 74; Bac. Ab., title, "Stat.," 389; Stat. Mo., 383; *Ibid.*, 714; Mitford's Ch. Plead., 214.)

NAPTON, J., *delivered the opinion of the Court.*

This was a bill in chancery to enjoin proceedings at law, by the county of Crawford, against the appellant. The bill sets forth, that in the year 1838, the complainant purchased four forty-acre tracts of land, in section sixteen, township 37, range 3 west, lying in the county of Crawford, and being school lands for the use of the inhabitants of said township; that the price given for the said lands was $430; that the lands were purchased at a public sale, conducted by the sheriff of said county; that the complainant executed his bonds for the said purchase money, which bonds were renewed from time to time, adding the interest, until they amounted to $640 86. These bonds, as the complainant alleged, became due on the 9th of February, 1843, on which day the complainant executed a mortgage of the said land to the county of Crawford, for the use of the inhabitants of said township, conditioned for the payment of said sum of $640 86, payable in one year from the date thereof. The bill further states, that said mortgage is about to be foreclosed, and a judgment is expected to be entered against complainant at the term when this bill was filed. The bill then alleges, that when the petition for the sale of the said sixteenth section was presented to the County Court, there were not fifteen free white householders in said township, in fact not exceeding thirteen; that there are no prairies in said township, and said township is reasonably fertile, &c. The complainant further alleged, that he applied to the County Court for said county, to make out and forward to said auditor of public accounts an abstract of the lands purchased as above stated, but said court refused to do so, alleging as a reason, that the return of the sheriff, of the sale of said lands, was so defective, that they could not make out any abstract as required by law, and that even if the purchase money should be paid, with all the interest due thereon, no patent could issue; the prayer is for an injunction of the proceedings in foreclosing the mortgage.

To this bill the county of Crawford, by her attorney, demurred, and the demurrer was sustained by the court. To reverse the judgment upon the demurrer, this case is brought here by appeal.

We are of opinion, that this demurrer was properly sustained. By an act passed 25th February, 1835, the County Court of Crawford county was authorized to sell any sixteenth section in the county, notwithstanding there might not be fifteen free white householders in the township, whenever it appeared to their satisfaction that the provisions of the general law, in this respect, could not be carried out, in consequence of extensive prairies, or other local causes. It appears, from the bill, that the County Court has exercised its discretion in authorizing sales, and whether that discretion has been judiciously or legally exercised, is a matter that cannot be collaterally inquired into. Indeed, it is not alleged, in com-

plainant's bill, that no local cause existed, which, in contemplation of that act, would have, authorized the County Court to order a sale; but two causes only are negatived, to wit, extensive prairies and poor lands. There may have been other circumstances, within the meaning of the law of 1835, which would justify the county courts of the counties specified in causing the sale of their school lands.

It is suggested, that the act of February 25, 1835, was repealed by the general law concerning schools and school lands, passed at the same session of the legislature, but on a subsequent day. There is certainly nothing inconsistent or repugnant in allowing both acts to stand; the latter being the general law, and the former local, and confined to three or four counties. It is expressly enacted, by the 28th section of the act, entitled, "An act concerning the Revised Statutes," that, for the purpose of construction, "the revised statutes passed at the present session of the General Assembly shall be deemed to have been passed on the same day." Nothing, therefore, is to be inferred against the validity of the special act, which authorized the county of Crawford to sell her school lands, without restriction as to the number of inhabitants in each township, from the fact, that the general law, requiring fifteen free white householders in a township, before the County Court could sell, was passed subsequently to the former law.

As to the application, which the complainant alleges he made to the County Court, to make out and forward to the auditor of public accounts abstracts of the sales of township school lands in their county, we have only to observe, that if that court has failed in doing its duty in that behalf, the law has provided a mode of enforcing its performance.

In relation to the reason given, as alleged in the bill, for not forwarding said abstracts, and the opinion alleged to have been given by that court, that no patent could issue, they are matters upon which no action of a court, either of law or equity, could be legitimately founded.

Judgment affirmed.